**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |
|---|---|
| **MOHAMEND AMIN YANSANEH,** | * |
| Plaintiff, | * |
| v. | * Case No.: PWG-15-81 |
| **CARE ONE, LLC,** | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Plaintiff Mohamed Amin Yansaneh filed suit, *pro se*, against Defendant Care One, LLC ("Care One"), alleging that he was unlawfully terminated for filing a worker's compensation claim. Compl., ECF No. 2. Defendant construes the two-sentence Complaint as one for abusive discharge, Def.'s Mem. 2, ECF No. 11, and Plaintiff does not argue otherwise, *see* Pl.'s Opp'n, ECF No. 17. Defendant has moved to dismiss on the basis that Plaintiff cannot state a claim against it because it "is simply a holding company" and was not Plaintiff's employer.[1] Def.'s Mem. 1. Because Plaintiff has not alleged that Defendant was his employer, I will dismiss Plaintiff's claim, but grant him leave to amend to allege his proper employer sufficiently.

**I.   STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court may dismiss a claim or complaint if it fails to state a claim upon which relief can be granted. *Tucker v. Specialized Loan Servicing, LLC*, ---- F. Supp. 3d ----, 2015 WL 452285, at \*8 (D. Md. Feb. 3, 2015). In resolving

---

[1] The parties fully briefed the motion. *See* ECF Nos. 11, 17, 18. A hearing is not necessary. *See* Loc. R. 105.6.

a Rule 12(b)(6) motion, the Court bears in mind the requirements of Rule 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79.  *See Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012) (discussing standard from *Iqbal* and *Twombly*).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

Plaintiff is proceeding *pro se*, and his Complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, liberal construction does not absolve Plaintiff from pleading a plausible claim. *See Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977)).

> It is neither unfair nor unreasonable to require a pleader to put his complaint in an intelligible, coherent, and manageable form, and his failure to do so may warrant dismissal. District courts are not required to be mind readers, or to conjure questions not squarely presented to them.

*Harris v. Angliker*, 955 F.2d 41, 1992 WL 21375, at * 1 (4th Cir. 1992) (per curiam) (internal citations omitted).

## II.    DISCUSSION

To state a claim for abusive or wrongful discharge under Maryland law,[2] an "'employee must demonstrate: (1) that the employee was discharged; (2) that the dismissal violated some clear mandate of public policy; and (3) that there is a nexus between the defendant and the decision to fire the employee.'" *Bagwell v. Peninsula Regional Med. Ctr.*, 665 A.2d 297, 309 (Md. Ct. Spec. App. 1995) (quoting *Shapiro v. Massengill*, 661 A.2d 202 (Md. Ct. Spec. App. 1995)).  These elements are derived from the tort's definition as "'the willful termination of employment *by the employer* because of the employee's alleged failure to perform in accordance with *the employer's* expectations and the termination is contrary to a clear mandate of public policy.'"  *Id.* (quoting *Allen v. Bethlehem Steel Corp.*, 76 Md. App. 642, 652, 547 A.2d 1105, *cert. denied*, 314 Md. 458, 550 A.2d 1168 (1988)) (emphasis added).

>  The entirety of Plaintiff's Complaint states:
>
> Unlawful termination of Employment after fifteen years of service and have had an injury at the job with two broken fingers. I was terminated for filing work man compensation claim and following my treating physician's orders to stay on light duty for few more weeks before returning to normal duty.

Compl. 1.  Plaintiff has not alleged that Care One was his employer and thus has not alleged "a nexus between the defendant and the decision to fire the employee."  *See Bagwell*, 664 A.2d at 309.  Therefore, Plaintiff's Complaint is subject to dismissal.  *See Iqbal*, 556 U.S. at 663; Fed. R. Civ. P. 12(b)(6).

---

[2] Defendant applies Maryland law, *see* Def.'s Mem. 3, and Plaintiff does not argue otherwise, *see* Pl.'s Opp'n.

3

### III.   PROPER DEFENDANT

In his Opposition, although not in his Complaint,[3] Plaintiff insists that Defendant was his employer, attaching a number of documents that do, indeed, list Defendant as "employer."  *See* Pl.'s Opp'n Exs. 1–7, 9–11, ECF Nos. 17-1 – 17-7, 17-9 – 17-11 (correspondence from Workers' Compensation Commission and Care One's insurer).   Yet, he also attaches a Statement of Earnings that lists the employer as "19301 Watkins Mill Road Operating Company LLC, Montgomery Village Health Care Center, 19301 Watkins Mills Road, Montgomery Village MD 20886."  *Id.* Ex. 8, ECF No. 17-8.  Notably, "payment of wages" is one of the factors in determining which company is the employer.  *See Whitehead v. Safway Steel Prods., Inc.*, 497 A.2d 803, 808 (Md. 1985) ("This Court has traditionally considered five criteria in determining whether or not an employer/employee relationship exists between two parties. These criteria . . . include (1) the power to select and hire the employee, (2) the payment of wages, (3) the power to discharge, (4) the power to control the employee's conduct, and (5) whether the work is part of the regular business of the employer.").  And, Defendant identifies "19301 Watkins Mill Road d/b/a Montgomery Village Health Care Center ('Montgomery Village')" as Plaintiff's employer. Def.'s Mem. 1.   Moreover, Care One explains that its name appeared on the worker's compensation and insurance documents because "Montgomery Village is party to a multiple employer worker's compensation insurance policy that covers over 100 employers with a common insurable interest," and "Care One is simply listed as the primary Insured on all worker's compensation plan documents for ease of administrative reference for the insurance carrier."  Def.'s Reply 2. Care One provides an affidavit in support of this position.  *See* Def.'s

---

[3] "[I]t is well settled that a plaintiff may not amend a complaint through a memorandum opposing a motion to dismiss." *Mid–Atl. Chem. Corp. v. Shaw Indus., Inc.*, No. AMD-04-3988, 2006 WL 174256, at *3 n.4 (D. Md. Jan. 23, 2006).

Reply Ex. A, ECF No. 18-1. I cannot consider any of these documents in deciding Defendant's motion to dismiss without converting it to a motion for summary judgment, *see* Fed. R. Civ. P. 12(d), but Plaintiff may consider them and the relevant case law, as well as Defendant's statement that it "stands ready at any time to accept service of an amended complaint naming Montgomery Village as the proper Defendant and dropping Care One from this litigation,"[4] Def.'s Reply 3, if he chooses to file an amended complaint.

## **ORDER**

Accordingly, it is, this 23rd day of June, 2015, hereby ORDERED that

1. Defendant's Motion to Dismiss, ECF No. 11, IS GRANTED;

2. Plaintiff MAY FILE an amended complaint that sufficiently alleges a proper defendant on or before July 7, 2015 and serve that defendant within the time limit provided in Fed. R. Civ. P. 4(m);

3. If Plaintiff fails to file an amended complaint on or before July 7, 2015, this case WILL BE DISMISSED WITH PREJUDICE; and

4. The Clerk SHALL SEND a copy of the Memorandum and Order to Plaintiff.

/S/
Paul W. Grimm
United States District Judge

lyb

---

[4] Specifically, Care One has stated that the "correct corporate entity" to be named in an amended complaint is "19301 Watkins Mill Road Operating Company, LLC d/b/a Montgomery Village Health Care Center." Def.'s Reply 1 n.2. Moreover, Care One has stated that it is willing to accept service of an amended complaint that (a) names Montgomery Village as the proper defendant and (b) drops Care One as a defendant. *Id.* at 3. Presumably, Care One and Montgomery Village desire that service of the amended complaint would be accepted by current counsel for Defendant, Robert R. Niccolini, at Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 1909 K Street, N.W., 10th Floor, Washington, D.C. 20006.